IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Timothy M. Cohane, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-10494-RGS |
| | ) | |
| National Collegiate Athletic Association, | ) | |
| Thomas Hosty, David Price, Shepard Cooper, | ) | |
| and Does 1-50, | ) | |
| | ) | |
| Defendants. | ) | |

## **MOTION TO DISMISS**

Defendants National Collegiate Athletic Association ("NCAA"), Thomas Hosty, David

Price, and Shepard Cooper (collectively, the "Individual Defendants"), hereby move to dismiss

the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), (3), and (6). In this action, plaintiff seeks to

re-litigate in the District of Massachusetts many of the same factual questions at issue in his nine

year old lawsuit in the Western District of New York. As set forth more fully in the

accompanying Memorandum of Law, the Complaint should be dismissed in its entirety for the

following reasons:

1.      This Court lacks personal jurisdiction over the Individual Defendants. None of

the Individual Defendants reside or work in Massachusetts, nor is there any allegation in the

Complaint or basis to conclude that any of the Individual Defendants have contacts with

Massachusetts sufficient to confer general jurisdiction. Similarly, the Complaint fails to show

that the Individual Defendants have any relevant Massachusetts contacts that would confer

specific jurisdiction, alleging only that the Individual Defendants were present, and made

allegedly pejorative statements, during a one-day NCAA infractions committee meeting in Boston in 2001. Compl. ¶ 18. This isolated incident, which took place *over twelve years ago*, is far outside of the limitation period and bears no relation to plaintiff's actual claims in this matter, which rest on the republication of allegedly slanderous remarks in a 2006 memorandum. *Id.* ¶ 21. The only connection alleged between the memorandum and Massachusetts is that the *plaintiff* learned of its existence while in Boston—which is insufficient to confer jurisdiction over the *defendants*. Given these facts, there is no basis for this Court to conclude that it would comport with due process to exercise personal jurisdiction over the Individual Defendants. Nor would it be reasonable for the Court to exercise jurisdiction even if minimum contacts did exist, especially because none of the parties reside in Massachusetts and the Commonwealth has no discernable interest in this matter.

2.      The Complaint should be dismissed against all defendants because venue is improper in this district. None of the defendants reside in Massachusetts, therefore 28 U.S.C. § 1391(a)(1) does not provide a basis for venue in this district. The Complaint also does not establish that "a substantial part of the events or omissions giving rise to the claim" occurred in Massachusetts. 28 U.S.C. § 1391(a)(2). In fact, nearly all of the events giving rise to the claim occurred in another district, namely the Western District of New York, before which plaintiff's similar other litigation against the NCAA and certain of the Individual Defendants is already pending. Finally, transfer to a proper venue is not warranted in this case because venue was clearly improper in Massachusetts.

3.      Plaintiff has not stated any claim against the NCAA. The NCAA is an unincorporated association and therefore, under Massachusetts law, lacks the capacity to sue or be sued. *See Sea Pines Condominium III Ass'n v. Steffens*, 61 Mass. App. 838, 814 N.E.2d 752,

2

757 (2004). In other jurisdictions following the same common law rule barring suit against unincorporated associations, courts have not hesitated to dismiss the NCAA as a defendant on this basis. *See Adidas America v. NCAA* No. 98-2510, 64 F. Supp. 2d. 1097 (D. Kan. 1999).

For the reasons set forth above and more fully in the accompanying Memorandum of Law, the NCAA, Thomas Hosty, David Price, and Shepard Cooper respectfully request the Court dismiss all claims asserted against them, dismiss the Complaint with prejudice, and grant such further relief as the Court deems just and appropriate.

## REQUEST FOR ORAL ARGUMENT

Defendants request that the Court hear oral argument on this motion. Oral argument is likely to assist the Court in deciding this motion, in particular because the procedural, factual, and legal questions presented may require clarification beyond the written briefs.

Respectfully submitted this eleventh day of March, 2014.

> NATIONAL COLLEGIATE ATHLETIC
> ASSOCIATION, THOMAS HOSTY,
> DAVID PRICE, AND SHEPARD COOPER
>
> By their attorneys,
>
> /s/ Joshua C. Sharp
> Felicia H. Ellsworth (BBO No. 665232)
> Joshua C. Sharp (BBO No. 681439)
> WILMER CUTLER PICKERING HALE
> AND DORR LLP
> 60 State Street
> Boston, Massachusetts 02109
> Telephone: (617) 526-6000
> felicia.ellsworth@wilmerhale.com
> joshua.sharp@wilmerhale.com

William C. Odle*
SPENCER FANE BRITT & BROWNE
1000 Walnut Street
Suite 1400
Kansas City, MO 64106
Telephone: (816) 292-8273
wodle@spencerfane.com
*pro hac vice admission pending

4

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the pro se plaintiff by mail on March 11, 2014 at the following address:

Timothy Cohane
106 Harrison Avenue
Newport, RI 0284

/s/ Joshua C. Sharp
Joshua C. Sharp